## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

ILLUMINA, INC.,

       Plaintiff,

    v.

BILLIONTOONE, INC.,

       Defendant.

C. A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Illumina, Inc. ("Illumina" or "Plaintiff") by and through its attorneys, for its Complaint for Patent Infringement against BillionToOne, Inc. ("BillionToOne" or "Defendant") alleges as follows:

## NATURE OF THIS ACTION

This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., seeking damages, injunctive relief, and other relief under 35 U.S.C. §§ 281, 283, 284, 285 *et seq.* In particular, this action relates to BillionToOne's infringement of U.S. Patent Nos. 10,612,096 (the "'096 Patent") (Exhibit 1); 12,139,760 (the "'760 Patent") (Exhibit 2); and 12,435,373 (the "'373 Patent") (Exhibit 3) (collectively, the "Asserted Patents").

## PARTIES

1. Plaintiff Illumina is a Delaware corporation with its principal place of business at 5200 Illumina Way, San Diego, California 92122.

2. On information and belief, Defendant BillionToOne is a Delaware corporation with its principal place of business at 1035 O'Brien Drive, Menlo Park, California 94025.

## JURISDICTION AND VENUE

3.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq.*  This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has both general and specific personal jurisdiction over BillionToOne.

6.     This Court has general jurisdiction over BillionToOne because BillionToOne is an entity organized under the laws of Delaware.

7.     This Court has specific personal jurisdiction over BillionToOne because BillionToOne has created contacts with this forum relating to infringement of Plaintiff's Asserted Patents such that the exercise of jurisdiction over BillionToOne would not offend traditional notions of fair play and substantial justice.

8.     On information and belief, BillionToOne has used its UNITY prenatal testing products and services for customers in the State of Delaware.  BillionToOne also derives revenue from the use of its UNITY test throughout the United States, including in this District.

9.     Venue is proper in this District because BillionToOne resides in this District because it is incorporated in the State of Delaware, and also because BillionToOne has committed acts of infringement in this District and directed to Delaware entities and residents, 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

10.     Illumina is a pioneer and global leader in genomics and DNA sequencing technology.  Illumina's sequencing platforms are used in clinical and research applications worldwide, including non-invasive prenatal testing ("NIPT").  Along with its subsidiary Verinata

- 2 -

ME1\60933547.v1

Health, Inc. ("Verinata"), Illumina developed foundational methods for determining the fraction of fetal nucleic acids in maternal samples and for identifying polymorphic sequences in mixtures of genomic DNA using massively parallel sequencing. These innovations, reflected in the Asserted Patents, are important technologies used in non-invasive prenatal diagnostics. Illumina's sequencing instruments and related technologies are used by laboratories worldwide to perform prenatal screening tests, including Illumina's own VeriSeq NIPT Solution.

## THE '096 PATENT

11. The '096 Patent, titled "Methods for Determining Fraction of Fetal Nucleic Acids in Maternal Samples," was filed on October 20, 2016, and was duly issued on April 7, 2020. A true and correct copy of the '096 Patent is attached as Exhibit 1.

12. Illumina is the owner of all right, title, and interest in the '096 Patent, including the right to sue for past infringement.

13. The '096 Patent is valid and enforceable.

14. The '096 Patent is directed to methods for determining the fraction of fetal nucleic acids in a maternal sample comprising a mixture of fetal and maternal genomic DNA, such as cfDNA. The '096 Patent enables non-invasive quantification of fetal fraction through amplification and massively parallel sequencing of polymorphic target nucleic acids comprising SNPs.

15. For example, Claim 1 of the '096 Patent recites a method for determining the fraction of fetal cfDNA in a maternal blood sample. *See* Ex. 1 at 335:50-67, 336:50-67. The method comprises the ordered steps of: (a) isolating the mixture of cfDNA; (b) amplifying a plurality of predetermined polymorphic target nucleic acids comprising at least one single nucleotide polymorphism ("SNP"); (c) preparing a sequencing library; (d) performing massively parallel sequencing to provide polymorphic sequence reads; (e) mapping sequence reads to

- 3 -

polymorphic sites in a reference genome; (f) quantifying sequence tags aligned to allelic sequences; (g) identifying informative SNPs based on the difference in allelic sequences and tag counts; and (h) calculating the fraction of fetal cfDNA from the quantitative values. *See* Ex. 1 at 335:50-67, 336:50-67. The '096 Patent further recites dependent claims directed to specific embodiments, including performing the amplification via PCR, using sequencing-by-synthesis with reversible dye terminators, and setting thresholds for calling aneuploidies based on the calculated fetal fraction. *See* Ex. 1 at 337:1-338:58.

16. The claims of the '096 Patent recite specific, ordered laboratory and analytical steps involving physical manipulation of biological samples and specific sequencing technologies. The claimed methods were not well-understood, routine, or conventional at the time of the invention, and represent meaningful improvements over prior art approaches to fetal fraction determination.

## THE '760 PATENT

17. The '760 Patent, titled "Methods for Determining Fraction of Fetal Nucleic Acids in Maternal Samples," was filed on April 3, 2020, and was duly issued on November 12, 2024. A true and correct copy of the '760 Patent is attached as Exhibit 2.

18. Illumina is the owner of all right, title, and interest in the '760 Patent, including the right to sue for past infringement.

19. The '760 Patent is valid and enforceable.

20. The '760 Patent is directed to compositions and methods for determining the fraction of fetal nucleic acids in a maternal sample comprising a mixture of fetal and maternal genomic DNA, such as cell-free DNA. The invention enables accurate, non-invasive quantification of the fetal fraction in a maternal blood sample through amplification and massively parallel sequencing of polymorphic target nucleic acids.

- 4 -

21.    For example, Claim 1 of the '760 Patent claims a method for determining the fraction of fetal cfDNA in a maternal blood sample comprising a mixture of fetal and maternal cfDNA.  *See* Ex. 2 at 337:11-42.  The method comprises: (a) isolating the mixture of cfDNA from the sample; (b) amplifying a plurality of predetermined polymorphic target nucleic acids in the mixture, wherein each target nucleic acid comprises at least one single nucleotide polymorphism ("SNP"); (c) preparing a sequencing library using at least a portion of the amplified product; (d) performing massively parallel sequencing of at least a portion of the library to provide a plurality of polymorphic sequence reads; (e) mapping a plurality of the sequence reads to polymorphic sites in a reference genome to obtain mapped sequence tags; (f) quantifying sequence tags aligned to allelic sequences; (g) identifying a plurality of informative SNPs; and (h) for each informative SNP, calculating the fraction of fetal cfDNA from the quantitative values obtained.  Ex. 2 at 337:11-42.

22.    The claims of the '760 Patent are directed to a specific, multi-step laboratory method that requires physical manipulation of biological samples, including isolating cfDNA, amplifying polymorphic target nucleic acids using PCR, preparing and sequencing a library using massively parallel sequencing technology, and performing specific computational analysis of the resulting sequence data.  These steps are rooted in specific, concrete laboratory techniques and technological improvements in DNA sequencing and analysis that were not well-understood, routine, or conventional at the time of the invention.

## THE '373 PATENT

23.    The '373 Patent, titled "Identification of Polymorphic Sequences in Mixtures of Genomic DNA," was filed on April 27, 2020, and was duly issued on October 7, 2025.  A true and correct copy of the '373 Patent is attached as Exhibit 3.

- 5 -

24.    Illumina is the owner of all right, title, and interest in the '373 Patent, including the right to sue for past infringement.

25.    The '373 Patent is valid and enforceable.

26.    The '373 Patent is directed to methods for identifying multiple polymorphisms in a first genome of a blood sample comprising a mixture of cfDNA of a first and a second genome, such as fetal and maternal cfDNA.  The invention uses massively parallel sequencing of amplicons obtained from the cfDNA mixture to identify fetal polymorphisms, including SNPs, without requiring enrichment for the specific polymorphic sequences.

27.    For example, Claim 1 of the '373 Patent claims a method of identifying multiple polymorphisms in a first genome of a blood sample comprising a mixture of cfDNA of a first and a second genome.  Ex. 3 at 197:49-67, 198:48-62.  The method comprises: (a) performing massively parallel sequencing of amplicons obtained from the mixture to obtain a plurality of sequence tags; (b) mapping the sequence tags to polymorphic sites in a reference genome; and (c) for each of a plurality of polymorphic sites, quantifying mapped sequence tags for first and second alleles, determining a parameter from those quantitative values, comparing the parameter to cutoff values, and classifying the polymorphic site as informative or non-informative based on the comparison.  Ex. 3 at 197:49-67, 198:48-62.  The claimed method further comprises determining the relative abundance of fetal cfDNA based on the parameter obtained for each informative polymorphic site.

28.    The claims of the '373 Patent are directed to a specific method involving physical laboratory steps of performing massively parallel sequencing of amplicons from a biological sample, followed by specific computational analysis to identify polymorphisms and determine

- 6 -

fetal DNA abundance. These steps represent concrete technological improvements that were not well-understood, routine, or conventional at the time of the invention.

## BILLIONTOONE'S ACCUSED UNITY TESTS

29. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

30. Defendant BillionToOne uses its UNITY prenatal testing products, including its UNITY Complete® screen and UNITY Fetal Risk™ Screen (collectively, the "UNITY tests" or "Accused Products"). *See, e.g.,* UNITY Screen, https://www.unityscreen.com/ (last visited May 3, 2026)*.* The UNITY tests are non-invasive prenatal screening tests that use cell-free DNA from a maternal blood sample to screen for chromosomal aneuploidies and single-gene disorders, including sickle cell disease, cystic fibrosis, spinal muscular atrophy, and thalassemias.

31. BillionToOne has published peer-reviewed papers describing the methods that BillionToOne performs while using its UNITY tests. For example, Tsao 2019 describes BillionToOne's "approach for NIPT integrates measurements of (i) fraction of fetal DNA present in cfDNA, (ii) molecular counts of assayed cfDNA, (iii) allele fraction of the maternal variant, and (iv) allele fraction of any variants that are not present in the maternal genotype (distinct paternally inherited variants)." *See* David S. Tsao et al., *A Novel High-Throughput Molecular Counting Method with Single Base-Pair Resolution Enables Accurate Single-Gene NIPT*, 9 Sci. Rep. 14382 (2019) ("Tsao 2019") at 8 (attached as Exhibit 4); *see also* David S. Tsao et al., *A Novel High-Throughput Molecular Counting Method with Single Base-Pair Resolution Enables Accurate Single-Gene NIPT*, 9 Sci. Rep. 14382, Supplemental Information (2019) ("Tsao 2019 Supplemental Information") (attached as Exhibit 5); J. Wynn et al., *Routine Cell-Free DNA Prenatal Screening Identifies Pregnancies at High Risk for Cystic Fibrosis That May Benefit from Fetal Therapy*, 24 J. Cystic Fibrosis 1067 (2025) ("Wynn 2025") (attached as Exhibit 6).

- 7 -

BillionToOne's May 2025 Press Release states that UNITY's "offering provides precise fetal risk assessment for up to 14 prevalent and actionable recessive and X-linked conditions, in addition to aneuploidies, as early as nine weeks into pregnancy — all from a single maternal blood sample." BillionToOne, Press Release, *BillionToOne Launches Expanded Panel for UNITY Fetal Risk™ Screen, Setting New Standard in Prenatal Testing*, (May 16, 2025), https://www.billiontoone.com/news-media/billiontoone-launches-expanded-panel-for-unity-fetal-risk-screen (the "May 2025 Press Release") (attached as Exhibit 7); *see also* BillionToOne, Our Technology, https://www.billiontoone.com/technology (last visited May 3, 2026) (the "UNITY Technology Page") (attached as Exhibit 8).

32.     On information and belief, BillionToOne has used its UNITY tests for U.S. customers and patients, including those in the District of Delaware.  Upon information and belief, BillionToOne also has used, marketed, advertised, promoted, and/or supported, and continues to use, market, advertise, promote, and/or support the accused UNITY tests in the United States.

**COUNT I**
**(Infringement of the '096 Patent)**

33.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

34.     BillionToOne has been and is currently directly infringing, literally and/or under the doctrine of equivalents, at least Claims 1–3, 6–9, 11, 12, and 15–18 of the '096 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 at least by using in the United States without authorization, the UNITY tests that are used in the practice of one or more claims of the '096 Patent.

35.     To demonstrate how BillionToOne infringes one or more claims of the '096 Patent, attached is a preliminary and exemplary infringement claim chart.  Exhibit 9.  This chart is not

intended to limit Plaintiff's right to modify this chart or any other claim chart or to allege that other activities of BillionToOne infringe the identified claims or any other claims of the '096 Patent or any other patents.  This chart is hereby incorporated by reference in its entirety.  Each claim element that is mapped to BillionToOne's use of its UNITY tests and related products shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

36.    BillionToOne has caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## COUNT II
### (Infringement of the '760 Patent)

37.    Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

38.    BillionToOne has been and is currently directly infringing, literally and/or under the doctrine of equivalents, at least Claims 1–3, 6–9, and 11–13 of the '760 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 at least by using in the United States without authorization, the UNITY tests that are used in the practice of one or more claims of the '760 Patent.

39.    To demonstrate how BillionToOne infringes one or more claims of the '760 Patent, attached is a preliminary and exemplary infringement claim chart.  Exhibit 10.  This chart is not intended to limit Plaintiff's right to modify this chart or any other claim chart or to allege that other activities of BillionToOne infringe the identified claims or any other claims of the '760 Patent or any other patents.  This chart is hereby incorporated by reference in its entirety.  Each claim element that is mapped to BillionToOne's use of its UNITY tests and related products shall be

ME1\60933547.v1

considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

40. BillionToOne has caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

## COUNT III
### (Infringement of the '373 Patent)

41. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

42. BillionToOne has been and is currently directly infringing, literally and/or under the doctrine of equivalents, at least Claims 1–4 and 10–13 of the '373 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 at least by using in the United States without authorization, the UNITY tests that are used in the practice of one or more claims of the '373 Patent.

43. To demonstrate how BillionToOne infringes one or more claims of the '373 Patent, attached is a preliminary and exemplary infringement claim chart. Exhibit 11. This chart is not intended to limit Plaintiff's right to modify this chart or any other claim chart or to allege that other activities of BillionToOne infringe the identified claims or any other claims of the '373 Patent or any other patents. This chart is hereby incorporated by reference in its entirety. Each claim element that is mapped to BillionToOne's use of its UNITY tests and related products shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

44. BillionToOne has caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

- 10 -

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.    A judgment in favor of Plaintiff that BillionToOne is liable for infringing one or more claims of the '096, '760, and '373 Patents;

B.    An award of all damages sufficient to fully compensate Plaintiff for past infringement, up until entry of the final judgment, by BillionToOne under 35 U.S.C. § 284;

C.    An order and judgment permanently enjoining BillionToOne and all persons and entities acting in concert with BillionToOne from any further acts of infringement of the Asserted Patents and any and all other appropriate or necessary equitable relief.  In the alternative, if the Court finds that an injunction is not warranted, Plaintiff requests an award of post-judgment royalty to compensate for future infringement;

D.    A judgment and order requiring BillionToOne to pay Plaintiff's costs, expenses, and pre-judgment and post-judgment interest for BillionToOne's infringement;

E.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against BillionToOne; and

F.    All other relief that the Court deems just and proper.

ME1\60933547.v1

- 12 -

Dated: May 7, 2026                                    Respectfully submitted,

*Of Counsel*                                          **MCCARTER & ENGLISH, LLP**

Edward R. Reines                                      /s/ Daniel M. Silver
**JONES DAY**                                         Daniel M. Silver (#4758)
1755 Embarcadero Road                                 Alexandra M. Joyce (#6423)
Palo Alto, CA 94303                                   405 N. King Street, 8th Floor
(650) 739-3982                                        Wilmington, DE 19801
ereines@jonesday.com                                  (302) 984-6300
                                                      dsilver@mccarter.com
Derek C. Walter                                       ajoyce@mccarter.com
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104                       *Attorneys for Plaintiff*
(415) 875-5791
dwalter@jonesday.com

Jeffrey S. Messing
**JONES DAY**
110 N Wacker, Suite 4800
Chicago, Illinois 60606
(312) 269-1542
jmessing@jonesday.com

- 12 -

ME1\60933547.v1