IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILLUMINA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-531 (JLH) |
| | ) | |
| BILLIONTOONE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff ILLUMINA, INC. ("Illumina") and Defendant BillionToOne, Inc. ("BillionToOne") have stipulated and agreed to the terms and entry of this Stipulated Protective Order ("Protective Order");

WHEREAS, because this Protective Order is issued to facilitate discovery under the Local Rules of this Court and the Federal Rules of Civil Procedure, unless modified pursuant to the terms contained herein, this Protective Order shall remain in effect through the conclusion of this Litigation (defined herein);

WHEREAS, documents and testimony containing confidential, proprietary business information, and/or trade secrets ("Confidential Information") that bear significantly on the Parties' (defined herein) claims or defenses are likely to be disclosed or produced during the course of discovery in this Litigation;

WHEREAS, counsel for a Party receiving Confidential Information may at the time of production lack sufficient information to accept the representations made by the producing Party or non-party as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

WHEREAS, the Parties wish to protect their respective interests and the interests of non-parties, and to facilitate the production of discovery in this action; now therefore,

IT IS HEREBY STIPULATED AND AGREED, subject to the approval and order of the Court, as follows:

## 1. PURPOSES AND LIMITATIONS

The Parties assert that they may possess confidential information in the form of trade secrets or other confidential business, personal and/or technical information related to the subject matter of this Litigation. The Parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this Litigation. As a result, the Parties desire to limit disclosure and prevent use of such information for purposes other than the prosecution and defense of this Litigation. In addition, the Parties contemplate that non-parties may produce confidential information.

This Protective Order shall apply to all information, documents, and things within the scope of discovery in this Litigation that are in the possession or custody of, or are owned or controlled by the Parties or third parties, including but not limited to documents and things responsive to requests for production of documents and things under Federal Rule of Civil Procedure 34 (including business records produced pursuant to Federal Rule of Civil Procedure 33(d)); answers to interrogatories under Federal Rule of Civil Procedure 33; responses to requests for admission under Federal Rule of Civil Procedure 36; testimony provided at deposition pursuant to Federal Rule of Civil Procedure 30 or 31; testimony provided at any hearing in this Litigation; documents and things responsive to, and testimony provided pursuant to any subpoena issued in this Litigation under Federal Rule of Civil Procedure 45; and documents, things, testimony, or other information obtained through discovery from

foreign third parties, including but not limited to such discovery taken under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. All such materials shall be used only in connection with the preparation, trial, and appeal of this Litigation. This limitation shall not apply to the Party that created or produced such materials, or otherwise had possession, custody, ownership, or control of the materials prior to the initiation of this Litigation.

**2. DEFINITIONS**

a. *Designated Material*: The term "Designated Material" shall mean and refer to all information and material subject to this Protective Order that constitutes or contains a trade secret or other confidential research, development, or commercial information, including but not limited to non-public technical, business, or financial information, marketing plans, customer lists, vendor lists and proposals, pricing and cost data, business plans, user information, and all information, documents, and things referring or relating to the foregoing, including copies, abstracts, and summaries of the same. "Designated Material" includes "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," and "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE" as those terms are defined below. The scope of this Protective Order shall be understood to encompass not only Designated Material which is expressly designated as includes "CONFIDENTIAL INFORMATION," "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," and "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE," but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and conversations which reveal that information.

b. *Discovery Material*: The term "Discovery Material" shall mean any Document

(as defined below), material, item, testimony, information, or thing filed with or presented to the Court or produced, disclosed, served, or generated in connection with the discovery process or Federal Rule 26(a) disclosures in this Litigation, including without limitation, for example, initial disclosures; exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; expert reports; subpoenas; declarations; affidavits; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, presentations by parties or counsel to or in court, designations, and portions thereof.

c. *Confidential Information*: The term "CONFIDENTIAL INFORMATION" means information or material that a designating Party believes, in good faith, embodies, contains or reflects confidential information or material that is used by the designating Party in, or pertaining to, its business, which information or material is not generally known and which the designating Party would normally not reveal to third parties, including but not limited to confidential research, development, commercial, proprietary, technical, business, financial, sensitive or private information or material.

d. *Outside Attorneys' Eyes Only Information*: The term "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" means "CONFIDENTIAL INFORMATION" of a commercially sensitive nature such as a trade secret that a designating Party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties or select employees or agents of the Receiving Party, including, but not limited to, unpublished pending domestic or foreign patent applications; non-public financial, marketing, strategic, organizational, operational or competitive information; and highly sensitive technical information relating to the design, development, research, testing and production of products.

e. *Outside Attorneys' Eyes Only Information – Source Code*: The term "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE" means "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" constituting "source code." "Source code" includes computer code, scripts, assembly, binaries, object code, source code listings, and object code listings. For the avoidance of doubt, "source code" shall be limited to materials that are directly readable by compilers, interpreters, or other software used for purposes other than the generation of documentation.

f. *Document*: The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

g. *Outside Counsel*: The term "Outside Counsel" means attorneys who are not employees of a Party to this Litigation but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

h. *Party*: The term "Party" means any party to this Litigation including all of its officers, directors, employees, agents, retained experts and (other than its legal counsel) consultants.

i. *Producing Party*: The term "Producing Party" shall mean any Party to the Litigation or any third party, including its counsel, retained experts, directors, officers,

employees, or agents, who produces any Discovery Material during discovery in connection with this Litigation.

j. *Receiving Party*: The term "Receiving Party" shall mean any Party who receives any Discovery Material from a Producing Party.

k. *Litigation*: The term "Litigation" shall mean the above-captioned case (C.A. No. 26-531-JLH) in the United States District Court for the District of Delaware, including any appeals therefrom.

**3. PROCEDURE FOR MARKING PRODUCED DOCUMENTS**

Copies of documents produced in this Litigation, whether pursuant to a formal discovery request or otherwise, shall bear a unique identifying number, except that such unique identifying number is not required when documents are produced only for inspection.

**4. CATEGORIES OF DESIGNATED MATERIAL**

a. *Types.* Any Producing Party may mark Designated Material as follows: (i) if containing "CONFIDENTIAL INFORMATION," by marking the Designated Material "CONFIDENTIAL"; (ii) if containing "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," by marking the Designated Material "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or (iii) if containing "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE," by marking the Designated Material "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if the Producing Party reasonably believes in good faith that the Designated Material meets the requirements of Paragraph 2(c), 2(d), or 2(e), above.

b. *Additional Categories.* The Parties may agree to add additional categories of Designated Material (in addition to CONFIDENTIAL INFORMATION, OUTSIDE

ATTORNEYS' EYES ONLY INFORMATION, and OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE) from time to time as may be necessary or appropriate. If the Parties cannot resolve the issue of whether this Protective Order should be amended to include the proposed new category of Designated Material, the dispute may be submitted to the Court via the assigned district judge's procedures for the raising of such matters. Disclosure of the Discovery Material, however, shall still be made, but with the highest level of confidentiality available under this Protective Order, pending resolution of the objection by the Parties or the Court, as the case may be.

**5. <u>PROCEDURE FOR MARKING DESIGNATED MATERIAL</u>**

a. Marking Designated Material as CONFIDENTIAL, OUTSIDE ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE shall be made by the Producing Party in the following manner:

i. In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

b. In the case of electronically stored information ("ESI"), (i) digital image files, such as TIFFs, will be marked by the Producing Party with the appropriate designation on each viewable page or image, and (ii) native documents and databases will be marked by the Producing Party with the appropriate designation using a naming convention that conveys its confidentiality status, or some other appropriate means to communicate the confidential

nature of the ESI that is agreed upon by the Parties;

c. In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "OUTSIDE ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as "CONFIDENTIAL" or "OUTSIDE ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the Receiving Party;

d. Any individual response to written interrogatories or requests for admissions or any expert report that contains or constitutes Designated Material shall be labeled or marked by the Producing Party as "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as the case may be, at the time it is provided or disclosed to the Receiving Party, by indicating either at the outset of the document embodying the response or in the body of each individual response, the designation applicable to each response. With respect to responses to written interrogatories or requests for admissions already served in this Litigation, the outside counsel for the respective Parties shall exchange letters within 10 business days following entry of this Protective Order identifying the designation, if any, applicable to each. Any document or thing created (e.g., any abstract, summary, memorandum, or exhibit) containing Designated Material subject to this Protective Order shall likewise be marked or labeled as "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as the case may be; and

e. In the case of deposition testimony, transcripts or portions thereof, designation

shall be made by any Party either (i) orally on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" by the reporter, as the Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after receipt of the official transcript. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Party or deponent. Pending expiration of the ten (10) business days, all Parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "OUTSIDE ATTORNEYS' EYES ONLY." If the deposition is videotaped, the video technician shall mark the original and all copies of the videotape to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case. Its contents may not be viewed, displayed, or revealed except by order of the Court or pursuant to written stipulation of the Parties." No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material (based on the designation of such Designated Material) under the terms of this Protective Order.

**6. <u>UNINTENTIONAL FAILURE TO DESIGNATE</u>**

If, through inadvertence, a Producing Party provides any Designated Material pursuant to this Litigation without designating or marking the Designated Material as "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" or fails to designate or mark materials

correctly, this does not, standing alone, waive the Producing Party's right to secure protection under this Protective Order. The Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL INFORMATION, OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE as the case may be, upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Designated Material. Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Protective Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, *i.e.*, by retrieving all copies of the Designated Material, or notes or extracts thereof, in the possession of the persons not authorized under this Protective Order to possess such Designated Material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Protective Order.

**7. <u>CONTESTING THE DESIGNATION</u>**

a. No Party to this Litigation shall be obligated to challenge the propriety of any designation by any Producing Party at the time the designation is made, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge thereto unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation.

b. A Party may contest a claim of confidentiality. Such Party objecting to the designation of any Discovery Material as Designated Material, such as CONFIDENTIAL INFORMATION, OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE must give outside counsel for the Producing Party written notice that specifically identifies the documents or information that the objecting party contends should be differently designated and state with particularity the complete grounds for the objection. Outside counsel for the objecting party and outside counsel for the Producing Party are to then meet and confer in person, in writing, or by telephone in an effort to resolve the contested designation. If the parties fail to resolve the contested designation through meet and confer, the Producing Party must seek an order maintaining the designation via the assigned district judge's procedures for the raising of such matters. If the Producing Party fails to seek such an order within 21 days of the initial written notice of the objection, the contested designation shall be removed. In the resolution of such matter, the burden of establishing confidentiality shall be on the Party who made the claim of confidentiality, *i.e.*, the Producing Party, but information designated as CONFIDENTIAL INFORMATION, OUTSIDE ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE shall be deemed as such until the matter is resolved.

**8. <u>ACCESS TO DESIGNATED MATERIAL</u>**

a. *Basic Principles*. A Receiving Party is authorized under this Protective Order to use Designated Material that is disclosed by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation. Such Designated Material may be disclosed only to those categories of persons and under the

conditions described in this Protective Order. Designated Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

b. *Disclosure of "CONFIDENTIAL INFORMATION."* Designated Material marked "CONFIDENTIAL" may be disclosed only to:

i. any employee of the Producing Party;

ii. any former counsel or employee of the Producing Party who was involved with the matters to which the "CONFIDENTIAL INFORMATION" relates or refers;

iii. any person who authored or received the "CONFIDENTIAL INFORMATION" prior to its production or disclosure in this Litigation;

iv. the Court, its technical advisors, its personnel, and the jury in this Litigation;

v. the Receiving Party's outside counsel, its staff, and its commercial copying vendors, data processing vendors, electronic discovery vendors, and/or database services;

vi. no more than five (5) officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the undertaking attached as EXHIBIT A agreeing to be bound by the terms of this Protective Order;

vii. court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

viii. any mediator(s) provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as

EXHIBIT A agreeing to be bound by the terms of this Protective Order;

ix. subject to Paragraph 9, approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate, or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Protective Order;

x. persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order;

xi. mock jurors or focus group members, provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Protective Order; and

xii. persons or entities engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order.

c. *Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION."* Designated Material marked "OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

i. the Receiving Party's outside counsel, its staff, and its commercial copying vendors, data processing vendors, electronic discovery vendors, and/or database

services;

ii. any person who (a) appears on the face of the Designated Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" as an author, addressee, or recipient thereof, or (b) is a witness during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that such person authored or received the Designated Material marked "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" prior to its production or disclosure in this Litigation;

iii. the Court, its technical advisors, its personnel, and the jury in this Litigation;

iv. court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation;

v. any mediator(s) provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Protective Order;

vi. subject to Paragraph 9, approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Protective Order;

vii. persons or entities engaged by a Party or counsel for a Party to provide

jury or trial consulting services, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order; and

viii. persons or entities engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order.

d. *Disclosure of "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE":* Designated Material marked "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" ("Source Code") may be disclosed only to:

i. the Receiving Party's outside counsel and its staff;

ii. the Court, its technical advisors, its personnel, and the jury in this Litigation;

iii. court reporters and videographers engaged for depositions, inspections, and other proceedings in this Litigation. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

iv. any mediator(s) provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Protective Order;

v. subject to Paragraph 9, up to five (5) approved persons (the number of

approved persons may be increased with consent of the Producing Party, such consent not to be unreasonably withheld) engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Protective Order; and

vi. persons or entities engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE," such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order.

**9. <u>CONDITIONS ON ACCESS TO DESIGNATED MATERIAL</u>**

a. *Consultants and Experts.* Prior to a Receiving Party giving, showing, disclosing, making available or communicating Designated Material to any expert or consultant under Paragraphs 8(b)(ix), 8(c)(vii), or Paragraph 8(d)(v), the Receiving Party shall serve a written notice on the Producing Party that includes:

i. the person's name and business address;

ii. the person's present employer and title (along with a job description);

iii. a list of the cases in which the person has testified at deposition or trial for the past five (5) years;

iv. any previous or current relationship (personal or professional) with any of the Parties;

v. all companies for which the person has consulted or by which the person has been employed, within the past five (5) years, the years of such consulting or employment, and a brief description of the work performed (In the event such proposed expert or consultant is prohibited due to confidentiality obligations to a non-Party from disclosing a present or prior employment or consultancy, the expert or consultant shall so state and shall in that case disclose such information as the expert or consultant is permitted to provide regarding the nature of the employment or consultancy (such as, e.g., the industry or technology involved in that employment or consultancy; whether the employment or consultancy was for a competitor of a Party; and like information) to enable, to the extent possible, the Producing Party to determine whether or not to object to the expert or consultant);

vi. the person's up-to-date curriculum vitae or resume (if the up-to-date curriculum vitae or resume of the expert or consultant provides the preceding information then the information need not be separately provided); and

vii. a copy of the Acknowledgment of Protective Order, in the form attached as EXHIBIT A, signed by the proposed expert or consultant agreeing to be bound by the terms of this Protective Order.

b. *Objections to Proposed Consultants and Experts*. The Producing Party shall be entitled to object to such disclosure to the expert or consultant within five (5) business days after receipt of the Acknowledgment of Protective Order executed by such expert or consultant, by stating specifically in writing the reasons why such expert or consultant should not receive the Designated Material. Outside counsel for the Producing Party and outside counsel for the Receiving Party shall meet and confer within three (3) business days after the Producing Party serves its objection, for the purpose of attempting to resolve the objection. If the objection is

not resolved by the Parties, the Producing Party must seek relief from the Court via the assigned district judge's procedures for the raising of such matters within five (5) business days after such meet and confer. Otherwise, the Producing Party shall be deemed to have withdrawn its objection. In any such request before the Court, the Producing Party shall set forth the Parties' meet and confer efforts and shall bear the burden of showing the need for confidentiality and the grounds for its objection. No disclosure of Designated Material shall be made to the proposed expert or consultant until the Parties resolve the dispute, the objection is withdrawn, or the Court permits such disclosure. The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

c. *Authorization and Acknowledgment.* Each person authorized to receive Designated Material under this Protective Order (excluding Outside Counsel, Judges, Magistrate Judges, judicial law clerks, clerical personnel of the Court before which this Litigation is pending, qualified court reporters, and third-party contractors and their employees involved solely in document management, delivery or copying services for this Litigation) to whom Designated Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of Protective Order in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order, acknowledging that Designated Material is subject to this Protective Order, that the person is authorized under Paragraphs 8(b)-(d) to receive Designated Material marked as CONFIDENTIAL, OUTSIDE ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE that the person has read this Protective Order, that such person agrees to comply with, and be

bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. Outside counsel to whom Designated Material is produced shall keep in his or her files an original of each such executed Acknowledgment of Protective Order until sixty (60) calendar days after the final termination of this Litigation. Upon final termination of this Litigation and at the written request of the Producing Party, all such executed agreements shall be provided to outside counsel for the Producing Party.

**10. PROCEDURE FOR DISCLOSURES TO OTHER PERSONS**

If it becomes necessary for a Receiving Party's outside counsel to seek the assistance of any person, other than those persons referred to in Paragraph 8, and to disclose Designated Material to such person to properly prepare this Litigation for trial, the following procedures shall be employed:

a. Outside counsel of the Receiving Party shall notify, in writing, outside counsel for the Producing Party, identifying therein the specific Designated Material to be disclosed and the name, address and position (along with a job description) of the person(s) to whom such disclosure is to be made;

b. If no objection to such disclosure is made by outside counsel for the Producing Party within five (5) business days of such notification, outside counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that outside counsel for the Receiving Party shall serve upon outside counsel for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form attached as EXHIBIT A, whereby such person agrees to comply with and be bound by this Protective Order. The acknowledgment shall be retained by outside counsel for the Receiving Party, and

distributed upon final disposition of this Litigation as set forth in Paragraph 9 above.

c. If, within five (5) business days, the outside counsel for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon request by the Receiving Party pursuant to the assigned district judge's procedures for the raising of such matters. Before seeking such relief, outside counsel for the Receiving Party shall meet and confer with outside counsel for the Producing Party in a good faith effort to resolve their differences.

d. Any Party seeking such an order requesting disclosure shall explain why the requested disclosure is appropriate, but the Producing Party shall bear the burden of justifying the confidentiality designation and explaining the harm that would result from the requested disclosure.

**11. <u>PROCEDURE FOR DISCLOSURE AND REVIEW OF SOURCE CODE</u>**

Material that is designated "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE" ("Source Code") shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

a. Source Code that is produced shall be made available for inspection at the office of its outside counsel, or any other location mutually agreed by the Parties.

b. Prior to the first inspection of Source Code, the Requesting Party shall provide the Producing Party, in writing, with fifteen (15) days notice of its desire to inspect Source Code. The Producing Party will make a good faith effort to accommodate the requested inspection of Source Code within fifteen (15) days of the written request. The Parties shall thereafter make every reasonable effort to accommodate requests to inspect Source Code, and generally agree that the Requesting Party shall provide three (3) days written notice prior to

any inspection. However, the Parties recognize that deadlines such as responses to motions, rebuttal expert reports, and preparation for hearings or trial may justify inspection on a shorter notice period and may require inspection on a lesser notice period, and agree to be reasonable in accommodating such requests.

c. All requested Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer"). The Producing Party shall install tools that are sufficient for viewing and searching the Source Code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's Outside Counsel and/or experts may provide and request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least fifteen (15) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. No recording devices or recordable media will be permitted inside the Source Code review room. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited while accessing the computer containing the Source Code. All

persons entering the Source Code review room must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the Source Code review room. The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any computer that is connected to any network. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code, email, transmission, upload, download, print, photograph, or otherwise duplication of source code is permitted except as otherwise provided herein. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of Source Code are being created or transmitted in any way.

d. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print portions of the Source Code only when reasonably necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and related drafts and correspondence, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere,

and that printing is permitted solely to enable use of Source Code in filings and proceedings. As such, the Receiving Party may not request for production any block of source code exceeding twenty-five (25) consecutive pages in length, unless reasonably required for printing a function or method in its entirety. Upon printing any portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "OUTSIDE ATTORNEYS' EYES ONLY– SOURCE CODE" any pages printed by the Receiving Party. If the Producing Party objects that the printed portions are excessive and/or not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within seven (7) days. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and reasonably necessary to any case preparation activity as provided herein. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall then provide one set of such pages to the Receiving Party within ten (10) days from the request or the resolution of any dispute. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

e. The Receiving Party's Outside Counsel may make no more than five (5) copies of any portions of the Source Code received from a Producing Party, not including copies attached to Court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code received from a Producing Party that are delivered by the Receiving Party to

any qualified person under Paragraph 8(d) above. The log shall include the names of all reviewers and/or recipients of paper copies and locations where the paper copies are stored. A copy of the log must be made available for inspection by the Producing Party at the Producing Party's request. Under no circumstance shall copies of Source Code be shown to any persons not described above in Paragraph 8(d), including in-house counsel.

f. The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

g. All authorized persons who will review a Producing Party's Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least fifteen (15) days in advance of the first time that such person intends to review such Source Code. The information required in the disclosure procedure outlined in Paragraph 9(a) shall be served on the Producing Party at least fifteen (15) days in advance of the first time that such person intends to review such Source Code.

h. All persons viewing Source Code shall, each day they view Source Code, sign a log that is maintained by the Producing Party that will include the names of persons who enter the Source Code review room to view the Source Code and when they enter and depart. The Receiving Party shall be entitled to a copy of the log.

i. Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Protective Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, laptops, and all other materials from

the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

j. The Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any other computers or peripheral equipment.

k. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel.

l. All paper copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use (e.g., at the conclusion of a deposition). Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

m. Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing

with the Court, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code, and such filing will not be made absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited to solely individuals who are expressly authorized to view Source Code under the provisions of this Protective Order. Upon receiving permission from the Producing Party to make electronic copies of Source Code, the Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored. A copy of the log must be made available for inspection by the Producing Party at the Producing Party's request. Additionally, any such electronic copies must be labeled "OUTSIDE ATTORNEYS' EYES ONLY– SOURCE CODE" as provided for in this Protective Order.

n. During the deposition(s) of representative(s) of the Producing Party regarding the structure, function, and operation of the Source Code, or the author(s) of any such Source

Code, the Producing Party shall make a laptop available that contains only the "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE" that was previously produced for inspection and review under this Paragraph. The laptop shall contain the necessary software tools in order to allow the deponent to view the source code. The noticing Party shall make the request for the abovementioned laptop in its Notice of Deposition. All Notices of Depositions containing this request shall provide for at least 20 days notice in advance of the deposition date. Only persons previously authorized to review "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE" may sit in on the above-described deposition(s).

**12. PROSECUTION BAR**

a. Absent written consent from the Producing Party, any attorney, patent agent or paralegal for or representing a Party who accesses "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION," or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE" shall not be involved in the prosecution of patents or patent applications relating to non-invasive prenatal testing or assays for use in such testing, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). This prosecution bar shall apply to individuals only and shall not be applied to an entire law firm. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims (for example, original prosecution, reissue, and reexamination proceedings). To avoid any

doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent in a proceeding before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, *inter partes* review, post-grant review, or *inter partes* reexamination) or representing a party defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, *inter partes* review, post-grant review, or *inter partes* reexamination), to the extent the counsel's activities do not include the drafting or amending of patent claims, or advising others regarding the drafting or amendment of patent claims. This Prosecution Bar shall begin when access to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" or "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE" is first received by the affected individual and shall end two (2) years after final termination of this Litigation.

**13. <u>PROCEDURES FOR FILING PAPERS WITH DESIGNATED MATERIAL</u>**

Designated Material may be included with, or referred to in, papers filed in this Litigation, but only in accordance with the following procedures:

a. The Designated Material must be filed under seal in accordance with the Court's procedures for the filing of documents under seal.

b. All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information set forth in Designated Material, must be filed under seal in accordance with the Court's procedures for the filing of documents under seal.

**14. <u>UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION</u>**

Counsel shall exert their best efforts to identify information (including documents or material) protected from discovery by the attorney-client privilege, the work-product doctrine,

or any other applicable privilege or immunity prior to the disclosure of any such documents or material. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity.

If a Producing Party unintentionally or inadvertently discloses information that it believes is protected, privileged, or otherwise immune from discovery, the Party shall, within seven (7) business days after discovery of the disclosure, so advise the Receiving Party in writing, request the information be returned, and attach a privilege log with an entry pertaining to the information that is privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no Party to this Litigation shall thereafter assert on this basis that the disclosure waived any privilege or immunity. If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (3) shall immediately, and not later than three (3) business days after receipt of the Producing Party's request, return to the Producing Party or destroy the privileged or protected information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction under (3) above of all copies of the privileged or protected information not returned to the Producing Party. No one

shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived. The cost, if any, for excising such documents or materials by the Receiving Party shall be borne by the Producing Party. Notwithstanding this provision, no Party or its outside counsel shall be required to return or destroy any information that may exist on any disaster recovery backup system.

The Receiving Party may seek to compel the production of information identified by the Producing Party as privileged or protected on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Litigation. Any such request shall not disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any way. The parties expressly acknowledge that documents which are inadvertently produced cannot be sequestered by a Receiving Party for submission to the Court. Outside counsel for the Producing Party and outside counsel for the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such request to compel production.

To the extent that any such inadvertently produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material.

**15. <u>INFORMATION NOT COVERED BY THIS PROTECTIVE ORDER</u>**

The restrictions set forth in this Protective Order shall not apply to information which

is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission by the Producing Party to the Receiving Party in this Litigation, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this Protective Order.

**16. RESPONSIBILITY OF ATTORNEYS**

Outside counsel for the Receiving Party shall be responsible for employing reasonable measures to control duplication of, access to, and distribution of copies of Designated Materials it received. The Receiving Party shall not duplicate any Designated Material except, as contemplated by this Protective Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, and experts or consultants approved under Paragraphs 8 and 9, for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to Paragraph 17 of this Protective Order.

**17. FINAL DISPOSITION**

Upon termination, settlement or the entry of final judgment in resolution of this Litigation, including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to its respective outside counsel, within sixty (60) calendar days. However, outside counsel may retain pleadings, attorney and consultant work product, attorney-client communications, communications with opposing counsel, and depositions for archival purposes. If Designated Material is destroyed (in lieu of return) pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification

identifying when and how the destruction was performed. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this Litigation.

**18. REFERENCE TO THIS ORDER AT TRIAL**

No reference may be made at the trial in this Litigation, in the presence of a jury, to the existence of this Protective Order or to the effect that certain material is subject to this Protective Order.

**19. NO LIMITATION OF OTHER RIGHTS OR OBJECTIONS**

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

**20. ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this Litigation. The marking of Designated Material as CONFIDENTIAL INFORMATION, OUTSIDE ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE pursuant to this Protective Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this Litigation pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the Parties or otherwise, to preserve the confidentiality of Designated Material marked as CONFIDENTIAL INFORMATION, OUTSIDE ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE ATTORNEYS' EYES ONLY INFORMATION – SOURCE CODE.

**21. RELEASE FROM OR MODIFICATION OF THIS PROTECTIVE ORDER**

This Protective Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, to release, rescind, or modify the restrictions of this Protective Order, to determine whether a particular person shall be entitled to receive any particular information, or to seek relief from inadvertent disclosure of privileged or work-product information. On any request seeking disclosures beyond those authorized by this Protective Order, the burden will be on the Receiving Party to justify the disclosure.

**22. DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a Party to this Litigation ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the Parties' respective Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' respective Designated Material pursuant to this Protective Order.

**23. MATERIAL CONFIDENTIAL TO THIRD PARTIES**

During the course of this Litigation, a Party may be requested to produce to another Party information subject to contractual or other obligations of confidentiality owed to a third party by the Party receiving the request. The Party subject to such contractual or other obligation of confidentiality shall timely contact the third party to determine whether such third party is willing to permit disclosure of the information under the terms of this Protective Order. If the third party is willing to permit such disclosure, the information shall be produced in accordance with this Protective Order. If the third party is not willing to permit disclosure of the information under the terms of this Protective Order, the Requesting Party in the Litigation shall be notified, and any information withheld on the basis of such contractual or other confidentiality obligation shall be identified on a separate index stating the reason for

withholding the document and the third party to whom the obligation of confidentiality is owed. This Protective Order shall not preclude any Party from seeking an order compelling production of such information.

**24. NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel for the Producing Party immediately, and in no event more than five (5) business days after receipt of the subpoena or other compulsory process, identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process.

The Receiving Party must also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the materials covered by the subpoena or order are subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-Party, such material shall be treated as Designated Material pursuant to this Protective Order.

**25. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such

Designated Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve all copies of such Designated Material immediately, and to bind such person to the terms of this Protective Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the Producing Party as well as identify all Designated Materials that were disclosed to such third party in violation of this Protective Order; and (c) request such person to execute the Acknowledgment of Stipulated Protective Order in the form shown in EXHIBIT A.

**26. <u>COUNSEL'S RIGHT TO PROVIDE ADVICE</u>**

Nothing in this Protective Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's client with respect to this Litigation, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Protective Order.

**27. <u>NO CONTRACT</u>**

To the extent that the Parties have agreed on the terms of this Protective Order, such stipulation is for the Court's consideration and approval as a Protective Order. The Parties' stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

**28. <u>EFFECTIVE DATE</u>**

This Protective Order shall be effective on the date of its entry by the Court, provided that all material previously produced shall be deemed OUTSIDE ATTORNEYS' EYES ONLY INFORMATION unless and until they are re-designated by the Producing Party or by

further order of the Court.

**29. <u>TERMINATION</u>**

The final termination of this Litigation shall not automatically terminate the effectiveness of this Protective Order, and persons subject to this Protective Order shall be bound by the confidentiality obligations of this Protective Order until the Producing Party agrees otherwise in writing or this Court orders otherwise.

**30. <u>OTHER PROCEEDINGS</u>**

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's Designated Material pursuant to this Protective Order shall promptly notify that Party of the motion so that the Producing Party may have an opportunity to appear and be heard on whether that information should be disclosed.

MCCARTER & ENGLISH, LLP

*/s/ Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*
*ILLUMINA, INC.*

*Of Counsel*:

Edward R. Reines
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3982
ereines@jonesday.com

Derek C. Walter
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
(415) 875-5791
dwalter@jonesday.com

Jeffrey S. Messing
JONES DAY
110 N Wacker, Suite 4800
Chicago, Illinois 60606
(312) 269-1542
jmessing@jonesday.com

August 12, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*
Jeremy A. Tigan
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899
(302) 351-9106
jtigan@morrisnichols.com

*Attorneys for Defendant*
*BILLIONTOONE, INC.*

*Of Counsel:*

Alan J. Heinrich
Andrew E. Krause
Sarah M. Van Voorhis
Ke Yang
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010

SO ORDERED, THIS _____ DAY OF _______________, 2026

_________________________________________

United States District Court Judge

**EXHIBIT A**
**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILLUMINA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 26-531-JLH |
| v. | ) | |
| | ) | |
| BILLIONTOONE, INC., | ) | |
| | ) | |
| Defendant. | | |

I, ________________________________________________, state that:

I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _______ day of ______________________, 20___.

____________________________________
(Signature)

____________________________________
(Typed or Printed Name)

**EXHIBIT B**
**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILLUMINA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BILLIONTOONE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 26-531-JLH |

1. This agreement is made between ______________________________ [INSERT NAME OF COUNSEL or CONSULTANT] and ________________________________________ (NAME OF PARTICIPANT), residing at ____________________________________________ (ADDRESS OF PARTICIPANT).

2. I understand that, in connection with the research project in which I am participating today, I may receive information that is confidential, and that I may not share or disclose that information with anyone (including members of my family) outside of this research group.

3. I agree not to disclose any information I learn here today to anyone outside of this research group, or to use such information in any way outside of my participation in this research project today.

4. I agree that, at the end of the research project today, I will not keep or take with me any documents or other materials shown to me, or any notes or other records I may make about those documents or other materials shown to me today.

____________________________________
(Signature)

____________________________________
(Typed or Printed Name)