**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ILLUMINA, INC., Plaintiff, v. BILLIONTOONE, INC., Defendant. | C.A. No. 26-531-JLH |

**MEMORANDUM ORDER**

Pending before the Court is Defendant BillionToOne, Inc.'s ("Defendant's") Motion to Transfer to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) ("Motion"). (D.I. 7.) The Motion has been fully briefed. (D.I. 8, 14, 23.) For the reasons below, the Motion is DENIED.

1. Section 1404(a) of Title 28 provides (in pertinent part) that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In evaluating a motion to transfer, the Court must first determine whether the case could have been brought in the district to which the movant wishes to transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If so, the Court then considers the non-exclusive list of twelve factors set forth in *Jumara* in determining whether to transfer. Six of those interests are private in nature:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books

> and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted). The other six are public in nature:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted). With respect to factor [1], "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request" and its choice "should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Jumara*, 55 F.3d at 879 (explaining that the plaintiff's choice of venue "should not be lightly disturbed" (citations omitted)).

2. The parties do not dispute that this action could have been brought in the Northern District of California, which is where Defendant has its principal place of business. (D.I. 8 at 8; D.I. 14 at 5.) Both parties have significant ties to the Northern District of California. But both parties are incorporated in Delaware. (*See* D.I. 1 at ¶¶ 1–2, 5–9; D.I. 8 at 1.)

3. *Jumara* factor [1] strongly weighs against transfer. *Shutte*, 431 F.2d at 255; *Jumara*, 55 F.3d at 879; *Ricoh Co., Ltd. v. Zoom Commc'ns, Inc.*, No. 25-1095-JCG, 2026 WL 3082685, at *2–3 (D. Del. Oct. 15, 2026). But the Court does not consider this factor as dispositive. *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("The mere fact that Delaware is the plaintiffs' choice of forum and the defendants' state of incorporation will not, standing alone, prevent this Court from transferring this suit to another forum." (cleaned up)); *see also Blackbird Tech LLC v. E.L.F. Beauty, Inc.*, No. 19-1150-CFC, 2020 WL 2113528, at *3 (D. Del. May 4, 2020). Factor [2] weighs in favor of transfer, as Defendant prefers to litigate in California. Factor

[3] at most weighs slightly in favor of transfer. The accused product is sold in Delaware; the infringement claim thus arose in Delaware as much as anywhere else. That said, the record reflects that at least some of the allegedly infringing functionality was developed in California. (D.I. 8 at 5, 9–10.) *See Ricoh Co.,* 2026 WL 3082685, at *3 (concluding that factor [3] weighed "slightly in favor of transfer" out of Delaware where the defendant developed the accused products in California and China). I treat factor [4] as neutral. On the one hand, Defendant chose to incorporate in Delaware, suggesting that it would be convenient for it to litigate here. Defendant is a large company, and it has not identified any unique burden if litigation continues here. (*See* D.I. 14 at 11–13.) On the other hand, neither party is physically located in Delaware, and Defendant's principal place of business is in California. Relevant books and records are in California (D.I. 8 at 15–16), and even though they can be produced in Delaware, I'll assume factor [6] weighs in favor of transfer, but only very slightly.

4. As for Factors [5] and [8], Defendant has identified a number of non-party witnesses, including the named inventors of the asserted patents and authors of one prior art publication, who live within the subpoena power of the Northern District of California. (D.I. 8 at 3.) Plaintiff, for its part, has not identified any witnesses in Delaware. (*See* D.I. 14 at 14–16.) But at this stage of the proceeding, what role, if any, the identified non-party witnesses may have at some future trial is purely hypothetical. *See Round Rock Rsch., LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 377 (D. Del. 2012) (denying motion to transfer and noting that "inventor testimony is likely to be of marginal significance to the outcome of a trial."); *Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp. 2d 463, 473 (D. Del. 2013) ("[The] selective identification of potentially relevant

third-party witnesses [is] unpersuasive and, in fact, arguably disingenuous.").[1] For the sake of argument only, I will assume factors [5] and [8] slightly favor transfer. Factors [7], [9], [10], and [11] are neutral. As this is a patent case arising under federal law, factor [12] has no role in the analysis.

5. Having fully considered the relevant factors, I conclude that Plaintiff's choice to file suit in Delaware should not be disturbed. The Court will exercise its discretion to deny Defendant's Motion.

Dated: November 20, 2026

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

[1] Defendant has identified *one* prior art reference that it "intends to challenge Illumina's characterizations of" during the prosecution of the asserted patents. (D.I. 8 at 3.) None of the five named authors of the prior art reference are located in Delaware, but Defendant represents that at least three are within the subpoena power of the Northern District of California. (*Id.* at 3, 14–15.) Those facts have limited persuasive value given that (1) Defendant has not suggested that it will limit itself to this single reference in its proofs at trial; (2) the reference is a prior art publication, and what the authors of that publication may think about what their own paper discloses to a POSA is of limited relevance, *see Round Rock Rsch.*, 904 F. Supp. 2d at 377, nor does Defendant suggest that any of the identified authors have material information that cannot be gleamed from the publication itself; (3) it is unclear that any individual prior art author would be called at trial, much less all five of them; and (4) even if the prior art authors' testimony has some relevance, there is no reason to think their deposition testimony would not suffice.